**MORSE/DIESEL, INC., Plaintiff and Counterclaim Defendant,**

v.

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Defendant, Third–Party Plaintiff and Counterclaimant,**

v.

**T. FREDERICK JACKSON, INC., Third–Party Defendant,**

and

**Times Square Hotel Company and Marriott Corporation, Additional Defendants on Counterclaims.**

No. 86 Civ. 1494 (PKL).

United States District Court, S.D. New York.

July 23, 1991.

Peter N. Wang, Friedman, Wang & Bleiberg, P.C., New York City, for Morse/Diesel, Inc., Times Square Hotel Co. and Marriott Corp.

Ian A.L. Strogatz, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, Pa., for Fidelity and Deposit Co. of Maryland.

## MEMORANDUM ORDER

LEISURE, District Judge.

This diversity action is brought by plaintiff for damages resulting from an alleged overpayment to its subcontractor in connection with the Marriott Marquis Hotel project. Plaintiff Morse/Diesel, Inc. ("Morse/Diesel"), alleges, in addition to its breach of contract claim, fraud and breach of the covenant of good faith and fair dealing.

Defendant Fidelity and Deposit Company of Maryland ("F & D") asserted counterclaims of fraud and bad faith breach against plaintiff and additional counterclaim defendants, Times Square Hotel Company ("Times Square") and Marriott Corporation ("Marriott"). By order and opinion dated May 3, 1991, (the "Opinion"),[1] this Court granted the motion of Morse/Diesel, Times Square and Marriott (collectively, the "counterclaim defendants") to dismiss with prejudice F & D's counterclaims, and to strike F & D's ninth affirmative defense. The court denied the counterclaim defendants' motion for sanctions, as well as F & D's cross-motions for bifurcation of plaintiff's claims and for a stay of discovery proceedings.

F & D now moves for reargument of certain portions of the Opinion pursuant to Local Civil Rule 3(j).[2] Specifically, F & D moves the Court

for entry of an Order ... 1) modifying [the Opinion] to reflect that the dismissal of the counterclaims against Morse/Diesel, Inc. is *without prejudice* and *with leave to replead* and that the striking of the Ninth Affirmative Defense is with leave to replead; 2) modifying [the Opinion] to delete the alternative ground for dismissal of the counterclaims against Morse/Diesel based upon failure to plead damages; and 3) modifying [the Opinion]

to reflect that the dismissal of the counterclaims against [Times Square] and Marriott Corporation is *without prejudice.*

Defendant's Notice of Motion at 1–2.

## DISCUSSION

Familiarity with the factual background of this action is assumed, based on the Court's prior Opinion.

■ The standards governing motions for reargument are clear. " 'The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked "matters or controlling decisions" which, had they been considered, might reasonably have altered the result reached by the court.' " *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990) (Leisure, J.) (quoting *Adams v. United States*, 686 F.Supp. 417, 418 (S.D.N.Y.1988) (quoting Local Civil Rule 3(j))); *see also Moll v. U.S. Life Title Ins. Co.*, 700 F.Supp. 1284, 1286 (S.D.N.Y.1988) (Leisure, J.); *Bozsi Ltd. Partnership v. Lynott*, 676 F.Supp. 505, 509 (S.D.N.Y.1987).

■ As this Court has previously held, "[t]he concerns reflected by these standards are sound. The provision for reargument is not designed to allow wasteful repetition of argument already briefed, considered and decided." *Schonberger, supra*, 742 F.Supp. at 119; *see also Ruiz v. Commissioner of Dep't of Transp.*, 687 F.Supp. 888, 890 (S.D.N.Y.), *aff'd*, 858 F.2d 898 (2d Cir.1988) ("The standard for granting a motion for reargument is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court."). Additionally, a party making a motion for reargument may not, under Local Rule 3(j), advance new facts, issues or arguments not previously presented to the Court. *See Weissman v. Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y.1989) (Leisure, J.); *Ruiz, supra;*

---

**1.** *Morse/Diesel, Inc. v. Fidelity & Deposit Co.,* 763 F.Supp. 28 (S.D.N.Y.1991).

**2.** Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York Rule 3(j).

*Morgan Guar. Trust Co. v. Garrett Corp.,* 625 F.Supp. 752, 756 (S.D.N.Y.1986).

In dismissing F & D's counterclaims for fraudulent inducement and breach of the covenant of good faith and fair dealing, as well as its ninth affirmative defense based on fraud, the Court found that all of these claims arose from the same basic fraud claim. The Court also based its dismissal of the bad faith breach counterclaim on a finding of a lack of a duty of good faith and fair dealing running from the obligee of a bond, in this case, Morse/Diesel, to F & D, the surety on the bond.

■ F & D's first counterclaim, for fraud, asserted in pertinent part that

in the event of any determination that Morse/Diesel relied upon any ... representation by F & D [that there would be no cost overrun], then Morse/Diesel and the other counterclaim defendants fraudulently induced F & D into entering into the Reimbursement Agreement by misrepresenting at the time that it was their position, opinion and belief that [the subcontractor's] cost to complete its work would exceed the adjusted Subcontract balance.

Counterclaim ¶ 33.

The Court dismissed this counterclaim and the ninth affirmative defense because of an admission in F & D's answer that "Morse/Diesel believed ... that [the subcontractor's] cost to complete its Subcontract would exceed the Subcontract price." Answer ¶ 30.

While F & D does not seek reargument of this ruling, it seeks leave to replead its counterclaims on the basis of Morse/Diesel's failure to disclose its reliance on F & D's representation, rather than a misrepresentation on the part of Morse/Diesel. This point was raised, without supporting authority, in a few sentences of F & D's forty-seven page brief in response to the motion to dismiss.

The counterclaim defendants assert the futility of the proposed amendment. However, given the surprisingly cursory manner in which both sides have treated the issue to date, the Court will not rule on the legal sufficiency of the proposed amended counterclaim at this stage.

Accordingly, the Court will modify its Opinion to permit the repleading of F & D's counterclaim and affirmative defense based on fraudulent inducement. Thus, the dismissal of Count I of F & D's counterclaim against Morse/Diesel, Times Square and Marriott is without prejudice.

F & D also requests a modification of the Court's alternate ruling in the Opinion concerning F & D's failure to plead damages. While F & D does not seek reargument of this ruling, it points to its alternate demand for rescissionary relief on its fraud counterclaim. This point was raised in one sentence of F & D's original brief, also without authority.

■ Under New York law, fraud and rescission are separate causes of action, which may be pleaded in the alternative even though legally inconsistent. However, New York courts have held that

a plaintiff must elect his remedy. He cannot recover damages for fraud and have rescission too. This is because an award of damages for fraud affirms the contract while penalizing the fraudulent party for his breach. Rescission vitiates the contract and places the parties in status quo prior to the transaction.

*Vitale v. Coyne Realty, Inc.,* 66 A.D.2d 562, 414 N.Y.S.2d 388, 393 (4th Dep't 1979).

Under this rule, the Court sees no reason for modification of its ruling that F & D's failure to allege damages, an essential element of a fraud claim, precludes its fraud counterclaim. However, the Court hereby modifies its Opinion to include a ruling that F & D may maintain a claim for rescission based on fraudulent inducement, subject to an adequate repleading of its fraudulent inducement theory.

As the counterclaim defendants point out, nothing in the arguments presented by F & D supports a repleading of F & D's second counterclaim based on breach of the covenant of good faith and fair dealing. Accordingly, to the extent F & D seeks modification of the Court's dismissal of its second counterclaim, its motion is denied.

**118**

## CONCLUSION

For the reasons set forth above, F & D's motion for reargument of the opinion and order of this Court in this action dated May 3, 1991, is granted in part and denied in part.

The order and opinion of May 3, 1991, is modified to dismiss F & D's first counterclaim without prejudice as against all counterclaim defendants.

The order and opinion of May 3, 1991, is further modified to permit F & D to replead its first counterclaim and its ninth affirmative defense in accordance with this memorandum order and with the order and opinion of May 3, 1991.

F & D shall serve and file its amended answer and counterclaims on or before August 23, 1991.

Nothing in this memorandum order should be understood to modify the Court's opinion and order dated May 3, 1991, except to the extent indicated above.

SO ORDERED.