**AMERICAN NATIONAL FIRE INSURANCE CO. and GREAT AMERICAN INSURANCE CO., Plaintiffs,**

v.

**MIRASCO, INC., Defendant.**

**Mirasco, Inc., Plaintiff,**

v.

**American National Fire Insurance Company, Defendant.**

**No. 99 CIV. 12405(RWS).**

United States District Court, S.D. New York.

Oct. 15, 2003.

Kingsley & Kingsley by Harold M. Kingsley, Esq., Hicksville, NY, for American National Fire Ins. Co.

Kenny, Stearns & Zonghetti by Joseph T. Stearns, Esq., New York City, Trial Counsel for American National Fire Ins. Co.

Holland & Knight by James V. Marks, Esq., New York City, for Mirasco, Inc.

## OPINION

SWEET, District Judge.

Mirasco, Inc. ("Mirasco") has moved for reconsideration of the decision in both *American Nat'l Fire Ins. Co. v. Mirasco, Inc.*, 249 F.Supp.2d 303 (S.D.N.Y.2003) (*"Mirasco I"*) and *American Nat'l Fire Ins. Co. v. Mirasco, Inc.*, 265 F.Supp.2d 240 (S.D.N.Y.2003) (*"Mirasco II"*) that the Iowa Beef Products ("IBP") cargo aboard the MV/Spero was rejected as a result of Decree # 6, issued by the Egyptian government on January 3, 1999.

For the reason set forth below, the motion is denied.

### Prior Proceedings

The parties and prior proceedings have been described in greater detail in *Mirasco I*, familiarity with which is presumed. In that opinion, it was concluded that, *inter alia:* (1) the M/V Spero cargo was rejected by the Egyptian government, and (2) the IBP cargo was rejected due to an "embargo," and in particular because of

Decree # 6, and thus under an applicable exclusion Mirasco was entitled only to return freight for that percentage of the cargo. It was concluded that the only issue left for trial was what percentage, if any, of the Monfort and Excel cargo was rejected for a covered reason.

On May 26, 2003, motions for reconsideration from both parties were denied in *Mirasco II*. In that decision, this Court also ruled on *in limine* motions from both parties to preclude the testimony of various witnesses.

The Insurers' motion for reconsideration of certain holdings in the *Mirasco II* decision was granted in part and denied in part on September 30, 2003. *See American Nat'l Fire Ins. Co. v. Mirasco, Inc.*, No. 99 Civ. 12405, No. 00 Civ. 5098, 2003 WL 22271226 (S.D.N.Y. Sept.30, 2003) ("*Mirasco III*").

On October 6, 2003, Mirasco wrote a letter to the Court, requesting that the reasons for the rejection of the IBP cargo should be tried by the jury. The letter was treated as a motion by the Court. After submission of letters by the parties, the motion was deemed fully submitted on October 15, 2003.

### Discussion

#### Standard of Review

■ "To succeed on a motion for reargument, the moving party must demonstrate that the court overlooked the controlling decisions or factual matters that were placed before the court in the underlying motion." *Lopez v. Comm'r of Soc. Sec.*, 2002 WL 465298, at *1 (S.D.N.Y. March 27, 2002) (quotations and citations omitted); *see also Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir.1995) (motion for reargument "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words,

that might reasonably be expected to alter the conclusion reached by the court").

■ Rule 6.3 is intended to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988) (citation omitted). The parties may not present new facts or theories at this stage. *Ralph Oldsmobile Inc. v. General Motors Corp.*, 2001 WL 55729, at *2 (S.D.N.Y. Jan.23, 2001) (striking affidavit that was filed in support of motion to reconsider without court's permission); *Primavera Familienstifung v. Askin*, 137 F.Supp.2d 438, 442 (S.D.N.Y.2001) (party may not "advance new facts, issues or arguments not previously presented to the Court") (quoting *Morse/Diesel Inc. v. Fidelity & Deposit Co. of Md.*, 768 F.Supp. 115, 116 (S.D.N.Y.1991)).

■ Rule 6.3 must be narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues, and may not be employed as a substitute for appealing a final judgment. *Lopez*, 2002 WL 465298, at *1; *Shamis v. Ambassador Factors*, 187 F.R.D. 148, 151 (S.D.N.Y.1999). The decision to grant or deny the motion rests in the discretion of the district court. *AT & T Corp. v. Community Network Servs. Inc.*, 2000 WL 1174992, at *1 (S.D.N.Y. Aug. 18, 2000).

### All Available Evidence Indicates that the IBP Cargo Was Rejected Because of Decree # 6

■ As recounted in *Mirasco I*, "[i]n October 1998, the Egyptian authorities rejected a shipment of beef livers imported by Hady Enterprises and produced by one of Mirasco's suppliers, Iowa Beef Products, due to purported labeling irregularities in violation of Decree 465." 249

F.Supp.2d at 308. On January 3, 1999, the Egyptian government issued Decree # 6, which became effective on January 14, 1999. *Id.* at 309. Decree # 6 stated that "an embargo is placed on trade with the American company I.B.P. Corp. in the United States of America as well as with any company with which it is associated." *Id.* The District Court for the Northern District of Florida held that Hady's violation of Decree 465 was the sole cause of the enactment of Decree # 6. *Id.; see also IBP, Inc. v. Hady Enterprises, Inc.,* 267 F.Supp.2d 1148, 1162 (N.D.Fla.2002), *aff'd without opinion,* 52 Fed.Appx. 487, 2002 WL 31415723 (11th Cir.2002).

In both *Mirasco I* and *Mirasco II,* this Court held as a matter of law that the IBP cargo was rejected because of Decree # 6. In *Mirasco I,* this Court held that the IBP cargo was rejected as a result of an embargo, and noted, in regard to Mirasco's argument that the IBP products were not rejected as a result of the decree, that "Mirasco has failed to present a material issue of fact ... given the copious documents from Mirasco and its agents ascribing the MV/Spero's problems to Decree # 6 and the lack of any documentary evidence or testimony to the contrary." 249 F.Supp.2d at 324. The issue of proximate cause was given further consideration in *Mirasco II,* and it was concluded that the evidence put forward by Mirasco was "insufficient to raise a genuine dispute of material fact with regard to whether the IBP cargo was rejected because of Decree 6." 265 F.Supp.2d at 249.

The evidence in support of the finding that the IBP cargo was rejected because of Decree # 6 included two letters and a fax from Mirasco written while the MV/Spero was docked in Alexandria, Egypt, stating that the IBP cargo could not be discharged because of the ban on IBP products. *Id.* at 248. Further, the agreement that Mi-

rasco made with the M/V Spero's owners stated that "the customs authority banned discharging about 1,600 metric tons shipped by an American supplier called IBP." *Id.*

Mirasco contends that "there is ample evidence for a reasonable fact-finder to conclude that the IBP cargo was rejected because of political pressure and the arbitrary actions of the Egyptian government and not because of Decree 6." Mirasco letter, dated October 6, 2003. This evidence was considered by the Court in *Mirasco II* and found insufficient to raise a genuine dispute of material fact. *See Mirasco II,* 265 F.Supp.2d at 249.

Mirasco contends, however, that the Court's rejection of the evidence of the arbitrary actions of the Egyptian government is in contradiction with the Court's finding in *Mirasco I* that "Mirasco's losses were caused by the arbitrary denial of the goods by the Egyptian authorities." 249 F.Supp.2d at 326. The goods in question in that subsection of the opinion were the Excel and Monfort cargo, not the IBP cargo. Earlier in the same section cited by Mirasco, it is held that "[t]here is no dispute that part of the cause of the return of the cargo was because of uncovered events," including "the embargo or prohibition against IBP products." *Id.* at 325. *Mirasco I* did not hold that the IBP cargo was rejected for arbitrary reasons, and Mirasco has not proffered any evidence to show that it was.

### Conclusion

For the foregoing reasons, Mirasco's motion for reconsideration is denied.

It is so ordered.