Michael **MELNITZKY**, Plaintiff,

v.

Robert **ROSE**, Defendant.

No. 03 Civ. 5469(VM).

United States District Court,
S.D. New York.

Feb. 26, 2004.

Michael Melnitzky, pro se.

Jonathan Kord Lagemann, Law Offices of Jonathan Kord Lagemann, New York City, for Defendant.

**DECISION AND ORDER**

MARRERO, Judge.

Pro se plaintiff Michael Melnitzky's ("Melnitzky") initiated this action alleging fraud and breach of contract; defamation;

conspiracy to obtain services and avoid payment; and prima facie tort. Defendant Robert Rose ("Rose") moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action upon which relief could be granted. By Decision and Order dated January 13, 2004, the Court granted Rose's motion in its entirety. *See Melnitzky v. Rose,* 299 F.Supp.2d 219 (S.D.N.Y. 2004) (the "Order"). Melnitzky now moves for reconsideration of the Order pursuant to Federal Rule of Civil Procedure 59(e). For the reasons set forth below, Melnitzky's motion for reconsideration is DENIED.[1]

## I.  *LEGAL STANDARD*

Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Secs. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000). Under Local Civil Rule 6.3, which governs motions for reconsideration, the moving party must demonstrate controlling law or a factual matter before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. *See SEC v. Ashbury Capital Partners, L.P.,* No. 00 Civ. 7898, 2001 WL 604044, *1 (S.D.N.Y. May 31, 2001) (citing *AT & T Corp. v. Community Network Servs., Inc.,* No. 00 Civ. 316, 2000 WL 1174992, *1 (S.D.N.Y. Aug.18, 2000) and Local Civil Rule 6.3). Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence. *See Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992).

A Rule 59(e) motion is not intended to be a vehicle for a party dissatisfied with a court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided. *See Griffin Indus., Inc. v. Petrojam, Ltd.,* 72 F.Supp.2d 365, 368 (S.D.N.Y.1999). Consistent with these objectives, the strict parameters of Local Civil Rule 6.3 are designed to ensure "the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *See Ashbury,* 2001 WL 604044, at *1 (citing *Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y. 1988)). A court must narrowly construe and strictly apply Local Civil Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y.1999); *In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (noting that a motion for reconsideration is not an opportunity for the moving party to "argue those issues already considered when a party does not like the way the original motion was resolved."). Against this standard, the Court considers Melnitzky's arguments for reconsideration.

## II.  *DISCUSSION*

In seeking reconsideration of this Court's Order, Melnitzky's argues that the Court misconstrued certain factual allega-

---

1. Melnitzky moves in the alternative for summary judgment. Because the Court denies Melnitzky's motion for reconsideration on the merits, it also denies his request for summary

judgment without the need to discuss the technical deficiencies that arise from construing Melntizky's submission as a motion for summary judgment.

tions in his original complaint.[2] Specifically, Melnitzky draws the Court's attention to paragraphs eight through ten of his complaint, where he alleges that he provided his professional evaluation to Rose with regard to three paintings that are part of the Estate (hereinafter "the Paintings"). According to Melnitzky, the Court did not distinguish the agreement for services Melnitzky provided Rose with regard to the Paintings from the agreement for "additional" services Melnitzky provided the Kaufmans, as Executors of the Estate, as alleged in paragraph eleven of his complaint. In other words, Melnitzky urges this Court to interpret the services provided for the Paintings as part of a separate agreement between himself and Rose. The Court wholly rejects this contention as baseless and contradicted by Melnitzky's own complaint and other pleadings.

Even the most liberal interpretation of Melnitzky's complaint lends no support to Melnitzky's theory that there was one agreement for the evaluations of the Paintings with Rose and a second agreement for the balance of the Estate artwork. It is uncontradicted that all the artwork in the Manhattan apartment where Melnitzky alleges he provided his services was part of the same Estate. There is no allegation or even a remote suggestion in Melnitzky's complaint that Rose had any ownership or any other personal interest in the Paintings that is separate from the "additional" services alleged in paragraph eleven of the complaint. Melnitzky himself contradicts this interpretation. For example, in his complaint Melnitzky alleges that Rose "claimed to be acting on behalf of his mother [as one of the Estate executors]" and that Rose "was representing their [the Kaufmans'] interest in hiring the service of [Melnitzky]." (Complaint, *Melnitzky v.*

*Rose,* N.Y. Sup.Ct. Index No. 03/113116, dated July 17, 2003 (the "Complaint"), at ¶ 5.) Similarly, in his opposition to Rose's motion to dismiss the Complaint, Melnitzky stated that Rose "represented himself as the agent of the estate administrators." (Opposition To Defendant's Motion To Dismiss, dated Aug. 9, 2003, at 4.)

These allegations belie Melnitzky's claim that Rose was the "beneficiary" of the services provided with regard to the Paintings. Presumably, whatever professional evaluation of the Paintings Melnitzky allegedly provided Rose was, or would have been, conveyed to the Kaufmans for the benefit of the Estate. Melnitzky is under the mistaken belief that as the *recipient* of Melnitzky's professional evaluation of the Paintings, Rose must be personally liable for payment of these services. The facts alleged do not support such a claim.

As described in greater detail in the Order, the complaint alleges at best that Rose was acting as an agent of the Kaufmans. As such, the procurement and receipt of services performed for the benefit of disclosed principals, in this case the Kaufmans and/or the Estate, is within the scope of an agency and does not render Rose personally liable for an alleged breach, absent an intention to be so bound. *See Cruz v. NYNEX Info. Res.,* 263 A.D.2d 285, 703 N.Y.S.2d 103, 107 (1st Dep't 2000); *Leonard Holzer Assocs., Inc. v. Orta,* 250 A.D.2d 737, 672 N.Y.S.2d 915, 916 (2d Dep't 1998); *Sweeney v. Herman Mgmt., Inc.,* 85 A.D.2d 34, 447 N.Y.S.2d 164, 166 (1st Dep't 1982). Melnitzky's allegation that Rose "hired and instructed" him does not change this result, nor does the allegation that Rose provided Melnitzky with a key to the apartment. The Court considered these allegations in the Order and found that

---

**2.** The pertinent facts of this case are discussed in the Court's Order, familiarity with which is assumed for the purposes of the present discussion.

these acts were consistent with, at best, an agency relationship. Thus, even after granting the Complaint the broad interpretation that Melnitzky reminds the Court it is entitled to, the Court concludes that Melnitzky has failed to demonstrate any controlling law or a factual matter before the Court on the underlying motion that the Court overlooked and that might reasonably be expected to alter its Order.

Because there is no support for the interpretation that Melnitzky urges in his motion for reconsideration, his argument, in essence, injects a new theory into the Complaint. It is well established that a motion for reconsideration is not the proper vehicle to advance new arguments or theories under the facts alleged. *See, e.g., American Nat'l Fire Ins. Co. v. Mirasco Inc.,* 287 F.Supp.2d 442, 444 (S.D.N.Y. 2003) ("The parties may not present new facts or theories at this stage.") (citation omitted); *Richard Feiner & Co., Inc. v. BMG Music Spain, S.A.,* No. 01 Civ. 0937, 2003 WL 21496812, at *1 (S.D.N.Y. June 27, 2003) (stating that new arguments are not cognizable in a motion for reconsideration) (citation omitted).

Accordingly, Melnitzky's motion for reconsideration of the Court's Order, dated January 13, 2004, dismissing the Complaint in its entirety is denied for the foregoing reasons and for substantially the same reasons set forth in the Order. The Court notes that Melnitzky has exhausted his remedies before this Court on the Complaint.

## III.  *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the motion of plaintiff Michael Melnitzky ("Melnitzky") for reconsideration of the Court's Order dated January 13, 2004, pursuant to Federal Rule of Civil Procedure 59(e) is DENIED.

**SO ORDERED.**