**Mark WINKLER, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

**No. 03 Civ. 9656(SAS).**

United States District Court, S.D. New York.

Aug. 24, 2004.

---

Scott M. Riemer, New York City, for Plaintiff.

Allan M. Marcus, Lester Schwab Katz & Dwyer, LLP, New York City, for Defendant.

### MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

Metropolitan Life Insurance Company ("MetLife") moved for a declaration that its decision denying disability benefits to Mark Winkler, formerly employed by the Jack Morton Company, should be reviewed under an arbitrary and capricious standard. MetLife prevailed on its motion. *See Winkler v. Metropolitan Life Ins. Co.*, No. 03 Civ. 9656, 2004 WL 1687202, at *3 (S.D.N.Y. July 27, 2004). Plaintiff now moves for reconsideration of that decision on the ground that the Court overlooked controlling legal authority. For the following reasons, plaintiff's motion is denied.

### I. STANDARD OF REVIEW

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. *See AT&T Corp. v. Microsoft Corp.*, No. 01 Civ. 4872, 2004 WL 309150, at *1 (S.D.N.Y. Feb. 19, 2004). Under Local Civil Rule 6.3, "the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." *Montanile v. National Broad. Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y. 2002), *aff'd*, 57 Fed.Appx. 27, 2003 WL 328825 (2d Cir.2003) (summary order). *See also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (internal quotation marks and citation omitted).

■ Local Civil Rule 6.3 is narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court. *See Greenes v. Vijax Fuel Corp.*, No. 02 Civ. 450, 2004 WL 1516804, at *1 (S.D.N.Y. July 7, 2004). A motion for reconsideration is not a substitute for appeal. *See RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 207 F.Supp.2d 292, 296 (S.D.N.Y.2002). Nor is it "a 'second bite at the apple' for a party dissatisfied with a court's ruling." *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004). Accordingly, the moving party may not "advance new facts, issues or arguments not previously presented to the Court." *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland*, 768 F.Supp. 115, 116 (S.D.N.Y.1991).

## II. DISCUSSION

In his motion for reconsideration, plaintiff argues that this Court overlooked "controlling legal authority" including certain provisions of the Employee Retirement Income Security Act of 1974 ("ERISA")[1] and the Second Circuit's decision in *Birmingham v. SoGen–Swiss Int'l Corp. Ret. Plan*, 718 F.2d 515, 522 (2d Cir.1983).[2] Plaintiff argues that the Court's holding granting MetLife an arbitrary and capricious stan-

dard of review ignores the express requirements of ERISA because: (1) MetLife was not named in the Jack Morton Company Employee Welfare Plan (the "Plan") as a "named fiduciary" pursuant to section 402(a)(1); (2) the Plan did not specify a procedure under which the Jack Morton Company, in its role as employer, could designate a "named fiduciary" pursuant to section 402(a)(2) and (b)(2); and (3) the Plan did not expressly provide for a procedure under which the Jack Morton Company, in its role as sole named fiduciary, could delegate fiduciary duties pursuant to section 405(c)(1) to a non-named fiduciary such as MetLife. *See* Pl. Mem. at 5. These arguments need not be considered given the Court's holding that MetLife was clearly a Plan fiduciary, given the description of its duties, although not identified by name. *See Winkler*, 2004 WL 1687202, at *2 n. 20.

This Court expressly considered plaintiff's argument that "because MetLife is not explicitly labeled a 'fiduciary' in the Summary Plan Document ("SPD"), it does not fall within the meaning of 'other Plan fiduciaries.'"[3] *Winkler*, 2004 WL 1687202, at *2. This Court also considered plaintiff's argument that "only parties that are 'named fiduciaries' under section

---

**1.** Specifically, plaintiff cites sections 402 and 405(c)(1) of ERISA. *See* 29 U.S.C. §§ 1102 and 1105(c)(1).

**2.** Plaintiff also cites *Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1283–85 (9th Cir.1990); *Rubio v. Chock Full O'Nuts Corp.*, 254 F.Supp.2d 413, 423 (S.D.N.Y.2003); and *Risenhoover v. Bayer Corp. Group Health Plan*, 83 F.Supp.2d 408, 411 (S.D.N.Y.2000). Plaintiff recognizes, however, that Circuit decisions outside the Second Circuit and trial court decisions within the Southern District of New York are not controlling authority. *See* Plaintiff's Memorandum of Law in Support of Reconsideration and Reargument Under Local Rule 6.3 ("Pl.Mem.") at 6.

**3.** In a section titled "Discretionary Authority of Plan Administrator and Other Plan Fiduciaries," the SPD states:

> In carrying out their respective responsibilities under the Plan, the Plan administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan. Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

SPD at 24.

402(a)(2) of ERISA, 29 U.S.C. § 1102(a)(2), can be given discretionary authority in a plan document." *Id.* 2004 WL 1687202, *2 n. 15. In rejecting these arguments, this Court explained that because "[t]he SPD invests MetLife with authority to evaluate claims and to review participants' appeals," MetLife is a fiduciary for purposes of ERISA and the SPD's reservation of discretionary authority applies to MetLife. *Id.* 2004 WL 1687202, *2 n. 20. This Court's reliance on *Butts v. Continental Cas. Co.*, 357 F.3d 835, 838 (8th Cir.2004), does not indicate a disregard for ERISA's statutory requirements, it merely indicates an interpretation of ERISA's statutory language which is at odds with plaintiff's interpretation.

■ While the Court's opinion fully explained the basis for its holding, further explanation may be warranted. MetLife issued a group disability policy to the Jack Morton Company and, in doing so, became the "insurer" of that Plan. Indeed, the SPD is issued by MetLife. The Plan states that "notice of a claim must be given to *us* during the Elimination Period.... When *we* receive written notice of a claim, *we* may.... While a claim is pending, *we*, at *our* expense, have the right to have you examined by Doctors of *our* choice when and as often as *we* reasonably choose." SPD at 18 (emphasis added). In a later section, titled "Procedures for Presenting Claims for Benefits," the Plan states: "The completed claim form should be returned to your employer who will certify that you are insured under the Plan and will then forward the claim form to *Metropolitan.*" *Id.* at 25 (emphasis added). "If there is any question about a claim payment, an explanation may be requested

from *Metropolitan* through your Employer or by direct contact with your *Metropolitan Group Disability Claim Office.*" *Id.* (emphasis added). Finally, in the section titled "Statement of ERISA Rights," the Plan states: "In addition to creating rights for Plan participants, ERISA imposes duties upon the people who are responsible for the *operation* of the employee benefit plan. The people who *operate* your Plan, called 'fiduciaries' of the Plan, have a duty to do so prudently...." *Id.* at 26 (emphasis added).

These various sections make it crystal clear that MetLife is a fiduciary, as there is no question that it "operates" the Plan. As noted in the original decision, the Plan also states: "In carrying out their respective responsibilities under the Plan, the Plan administrator *and other Plan fiduciaries* shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits.... Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless ... [that] determination was arbitrary and capricious." *Id.* (emphasis added). MetLife clearly falls within the term "other Plan fiduciaries" as used in this discretion delegating provision.

Finally, plaintiff cites *Birmingham*, 718 F.2d at 522, for the proposition that "[a] *valid* plan under ERISA *must* designate a 'named fiduciary' so that responsibility for managing and operating the Plan—and liability for mismanagement—are focused with a degree of certainty."[4] Pl. Mem. at 4 (emphasis in original). But *Birmingham* never addressed this issue. The

---

**4.** Plaintiff cited *Birmingham* for this very same proposition in its opposition papers to the instant motion. *See* Plaintiff's Memorandum of Law in Opposition to MetLife's Motion for Review Under the Arbitrary and

Capricious Standard of Review at 3. Accordingly, even though not cited in *Winkler,* the Court has already considered the *Birmingham* decision.

question addressed in *Birmingham* was whether the authority of a named fiduciary (the Retirement Committee) to interpret a plan could be overruled by a provision stating that the "Committee ... shall, *subject to the Board of Directors,* have control of the detailed operation and administration of the Plan...." 718 F.2d at 521 (emphasis in original). The court held that this "subject to" language could not, by itself, alter the statutory grant of authority to the Retirement Committee. *See id.* at 522 ("We hold only that such a reservation in derogation of a statutory grant of power must be done explicitly and with precision and that the 'subject to' language fails to accomplish that end."). Accordingly, the "controlling authority" cited by plaintiff is not controlling at all. Plaintiff has cited no controlling authority that would change this Court's ruling.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is denied. Plaintiff's remaining recourse, therefore, is to the Court of Appeals. The Clerk of the Court is directed to close plaintiff's motion for reconsideration.

SO ORDERED.