**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2876

_____

Susan Solger,                                    *
                                                 *
            Appellant,                           *
                                                 *  Appeals from the United States
       v.                                        *  District Court for the
                                                 *  Western District of Arkansas.
Wal-Mart Stores, Inc. Associates                 *
Health and Welfare Plan,                         *
                                                 *
            Appellee.                            *


_____

No. 97-3752

_____

Susan Solger,                                    *
                                                 *
            Appellee,                            *
                                                 *
       v.                                        *
                                                 *
Wal-Mart Stores, Inc. Associates                 *
Health and Welfare Plan,                         *
                                                 *
            Appellant.                           *

_____

Submitted: March 12, 1998
Filed: May 14, 1998

_____

Before FAGG, ROSS, and BOWMAN,[1] Circuit Judges.
_____

BOWMAN, Circuit Judge.

Wal-Mart's employee health insurance plan imposes a $5,000 cap on coverage of treatment of temporomandibular joint (TMJ)[2] conditions. Susan Solger, a Wal-Mart employee, asked Wal-Mart to precertify coverage of treatment for a condition resulting from the partial disintegration of two TMJ implants she had received before she began working for Wal-Mart. The proposed treatment consisted of surgery on Solger's TMJs, ears, and skull.[3] This surgery was expected to cost over $50,000. Wal-Mart agreed to pay, but only $5,000; Wal-Mart's plan administrator determined that the $5,000 cap applied to all of Solger's proposed treatment.

Solger appealed the plan administrator's decision to the District Court pursuant to 29 U.S.C. § 1132(a)(1)(B) (1994), the section of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461, authorizing civil suits by plan beneficiaries. The District Court issued two separate orders. First, the court held that the plan administrator's decision to apply the cap was reasonable with respect to treatment of Solger's TMJs. Second, the court held that the plan administrator's

_____

[1]The Honorable Pasco M. Bowman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 18, 1998.

[2]The left and right TMJs connect the jaw to the skull.

[3]At oral argument on March 12, 1998, Solger's attorney stated that two weeks before that date Solger had emergency surgery during which the remains of her implants were removed from her TMJs, ears, and skull. As of oral argument, Solger had not yet undergone the other procedure that is the subject of this litigation: the insertion of new prosthetic implants into her TMJs.

-2-

decision was unreasonable with respect to treatment of Solger's ears and skull. Solger now appeals the first order, and Wal-Mart appeals the second.

Wal-Mart's health insurance plan authorizes the plan administrator to interpret the provisions of the plan with complete discretion. When an ERISA-governed plan, like this one, accords its administrator such discretion, a district court may review the administrator's determinations only for abuse of that discretion. See Cash v. Wal-Mart Group Health Plan, 107 F.3d 637, 640-41(8th Cir. 1997). The District Court applied the proper standard of review in this case. We review the District Court's application of this standard de novo, see id. at 641; thus, in effect, we review the plan administrator's determination for abuse of discretion, just as did the District Court. Applying this deferential standard of review, we will reverse the plan administrator's interpretation of the plan only if it is unreasonable. We will sustain the administrator's interpretation if it is reasonable, even if it is not the only reasonable interpretation of the plan, and even if we would have chosen a different interpretation had the initial decision been ours to make. See id.

We turn first to Solger's appeal, which presents the issue of whether it was reasonable for the plan administrator to apply the $5,000 cap to Solger's proposed surgery on her TMJs. We begin by examining the exact language of the cap provision. This provision provides that "[t]reatment for the following injury/ illness/ conditions are limited to a lifetime maximum of $5,000 in paid benefits per participant: *Temporomandibular joint." Solger v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan, Civil No. 97-5075, Mem. Op. at 6 (Sept. 8, 1997) (quoting the plan). The critical question is thus whether the treatment Solger proposed can reasonably be construed as treatment of a condition of her TMJs. Solger's proposed surgery entailed removing from her TMJs the remains of the disintegrated implants and reconstructing her TMJs with new implants made of different materials. Put simply, these procedures constitute direct treatment of Solger's TMJs, the purpose of which is to repair damage in the TMJs. It is difficult to imagine procedures that would more clearly qualify as

treatment of a condition of the TMJs and therefore be subject to the $5,000 cap. We agree with the District Court that the plan administrator acted reasonably in applying the benefits cap to this treatment.

Next we address Wal-Mart's appeal. This appeal poses the question whether it was reasonable for the plan administrator to apply the cap to Solger's proposed surgery to remove particles of her disintegrated implants from her ears and skull. The plan administrator determined that this surgery constituted treatment of a condition of Solger's TMJs, and thus was subject to the cap, because the condition in Solger's ears and skull was caused by her TMJ implants. Solger agrees that the condition in her ears and skull was caused by her TMJ *implants*, but she argues that the condition therefore was not caused by her TMJs themselves. We see no logical connection, however, between Solger's accurate statement that her TMJ implants caused the condition in her ears and skull and her assertion that, accordingly, her TMJs did not cause this condition. The difference between TMJs and TMJ implants does not preclude both from being the cause of the same condition. Solger's TMJ implants were placed inside her TMJs to treat problems in her TMJs by replacing parts of her TMJs: essentially, the implants served as part of the joints. At the least, a person might reasonably so conclude. Thus while it is reasonable to say, as Solger does, that her implants caused the condition in her ears and skull, it also is reasonable to say that her TMJs caused that condition. We conclude that the plan administrator reasonably deemed the problems in Solger's ears and skull a condition of her TMJs that was subject to the $5,000 cap on benefits.

In conclusion, having considered all of Solger's arguments, we hold that the plan administrator's application of the $5,000 cap to treatment of Solger's TMJs, ears, and skull was not an abuse of discretion. We therefore affirm the District Court's order of June 6, 1997, and reverse the District Court's order of September 8, 1997. We need not address Solger's argument that her award of attorney fees is inadequate, because Solger is no longer a prevailing party entitled to an award of attorney fees.

-4-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.